IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. HICKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-3087-S-RED-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff James E. Hickman ("Hickman") seeks judicial review of the Commissioner's denial of his request for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended, and for disability insurance benefits under Title II of the Social Security Act. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is

comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Hickman argues that the ALJ failed to give adequate weight to Dr. Stewart's medical opinions. Hickman also argues that ALJ failed to properly analyze Hickman's RFC.

### *The ALJ gave proper weight to Dr. Stewart's medical opinions.*

Social Security Ruling 96-2p and 20 C.F.R. § 404.1527 requires the ALJ to give a doctor's opinion controlling weight only if (1) the doctor is a treating physician, (2) the opinion is medical, (3) the opinion is supported by the record, and (4) the opinion is consistent with other opinions in the record. Dr. Stewart is clearly a treating physician that gave medical opinions. However, Dr. Stewart's opinions about Hickman's limitations contradict the evidence that Hickman's impairment has not prevented him from hunting from a tree stand, fishing, mowing the lawn, jumping fences, pulling fence posts by hand, loading wood, cooking, shopping, cleaning, caring for pets, and driving.

3

Dr. Stewart's opinion also indicates that Hickman's ability to sit and stand is limited, but the impairments Hickman complains of involve predominantly mental issues and problems with his shoulders, arms, and hands. Dr. Stewart's opinion is also inconsistent with Dr. Ball's opinion that Hickman could sit, stand, walk, lift, carry, and handle objects without restriction. Dr. Mather noted that Hickman had a full range of motion without disturbance in his left elbow, fingers, and wrist. Because Dr. Stewart's opinion is not supported by the evidence and is inconsistent with other medical opinions, the ALJ properly discounted Dr. Stewart's opinion and correctly determined that it should not receive controlling weight.

The ALJ also correctly determined that Dr. Stewart's opinions should receive only minimal weight. "Residual functional capacity checklists, though admissible, are entitled to little weight in the evaluation of a disability." *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997). Hickman desires to use the opinion of Dr. Stewart as evidenced through a RFC checklist she completed. Dr. Stewart did not respond to the questionnaire the ALJ submitted to her to clarify the checklist, and she did not testify at the hearing. The ALJ gave appropriate weight to Dr. Stewart's opinions.

### *The ALJ properly analyzed Hickman's RFC.*

Hickman argues that the ALJ improperly analyzed his RFC by failing to (1) indicate what impairments were severe and were therefore used in determining the RFC, (2) describe the rationale for the RFC determination, and (3) cite substantial evidence to support the RFC.

Hickman's first argument, that the ALJ should have indicated which impairments were severe, is not supported by the law. The ALJ should not determine whether each impairment standing alone is severe. Rather, the ALJ must determine whether plaintiff's impairments are cumulatively severe. 20 C.F.R. § 404.1523. The ALJ evaluated all of the evidence in the record and

4

discussed the limitations imposed by all of Hickman's physical and mental impairments in determining that Hickman's impairments were severe. Because the ALJ determined that the combination of Hickman's impairments were severe, the ALJ clearly evaluated the limitations imposed by all of Hickman's physical and mental impairments in determining Hickman's RFC. The ALJ also carefully described the limitations imposed by Hickman's individual physical and mental impairments when making his RFC determination.

Hickman's second and third arguments, that the evidence does not support the RFC determination and that the ALJ failed to sufficiently describe his rationale for the RFC determination, are not supported by the record. Social Security Ruling 96-8p requires the ALJ to provide a thorough discussion and analysis of the evidence, resolve any inconsistencies in the evidence, and set forth a logical description of the effect the claimant's limitations have on his working abilities when determining the RFC. In this case, the ALJ discussed the evidence presented including records from Dr. Stewart, Dr. Iles, and Dr. Stillwell. The ALJ also considered Hickman's testimony. The ALJ then evaluated the evidence relating to Hickman's physical and mental impairments and resolved inconsistencies between Hickman's allegations, physician opinions, and the record as a whole. The ALJ specifically found that Hickman did not have any limitations in sitting, standing, walking, or using his extremities. The ALJ also specifically found that Hickman maintained the mental capacity to carry out simple instructions, make simple work related decisions, respond appropriately to others in the workplace, and deal with routine work changes. The ALJ properly explained his RFC determination. The ALJ also cited substantial evidence on the record as a whole to support his RFC decision.

The ALJ properly determined that Hickman retains the RFC to perform light exertional work.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings and conclusions in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED: January 17, 2007          */s/ Richard E. Dorr*
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT